UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAURA CHAMADAIN, Individually and on
Behalf of All Others Similarly Situated,

Case No: 17-cv-6948

                                      Plaintiff,

        -against-

TOMY B. HAIRCARE, INC.,

                                      Defendant.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

                                                            GREGORY A. TSONIS, PLLC
                                                             *Attorneys for Defendant*
                                                             6800 Jericho Tpke, Suite 120w
                                                             Syosset, NY 11791
                                                             (516) 393-5876

**TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT**………………………………………….....................................1

**STATEMENT OF FACTS**……………………….....................................…1

**ARGUMENT**

    **I.**    **PLAINTIFF HAS NO STANDING**……………………………..…......…1

    **II.**   **PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE HER CLAIMS** ……………………………………………8

    **III.**  **DEFENDANT IS ENTITLED TO COSTS** …………………………...11

**CONCLUSION**………………………………………………………………………11

ii

## PRELIMINARY STATEMENT

Defendant, Tomy B. Haircare, Inc. ("Tomy B. Haircare" or "Defendant"), submits this memorandum of law in support of its motion to dismiss Plaintiff's complaint in its entirety pursuant to F.R.C.P. 12(b)(1) & (6), and in support of Defendant's request for costs associated with defending what appears to be a blatantly frivolous lawsuit. For the reasons set forth herein, it is patently obvious that Plaintiff is not in any way a patron, or intended patron, of Defendant and is not someone who has actually suffered concrete injury as a result of alleged violations of Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"), or any other applicable laws. It is apparent, however, that Plaintiff appears to be nothing more than a "tester" of ADA compliance against local businesses, i.e., a disabled person who seeks out local businesses that are open to the public and whose sole goal to locate non-compliant businesses and sue them. As will be discussed herein below, more recent standing requirements handed down by the Supreme Court of the United States eviscerates any such claims of an alleged ADA plaintiff.

## STATEMENT OF FACTS

For a full recitation of the relevant facts germane to this motion, the Court is respectfully directed to the Affidavit of Tomy Biton ("Biton Aff.") and exhibits annexed thereto.

## ARGUMENT

### POINT I

### PLAINTIFF HAS NO STANDING

It is well established that in order to satisfy the constitutional requirements for standing, one must prove (1) actual or imminent injury in fact which is concrete and particularized as opposed to merely "speculative"; (2) a causal connection between the injury and a defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. Lujan v. Defenders

of Wildlife, 504 U.S. 555, 560-65, 112 S.Ct. 2130 (1992).  For injunctive relief, a plaintiff must also show that there is a likelihood of future injury, and cannot rely on a past injury to satisfy this requirement.  Shain v. Ellison, 356 F.3d 211, 215 (2d. Cir. 2004); Bernstein v. City of New York, 621 FedAppx. 56, 57 (2d. Cir. 2015).  The aforementioned elements are not simply pleading requirements, but rather jurisdictional prerequisites, and therefore each element must be supported in the same manner as any other matter for which a plaintiff bears the burden of proof.  Lujan, 504 U.S. at 561.  A plaintiff must therefore allege facts that plausibly suggest that she has standing to sue in order to survive a motion to dismiss for lack of standing.

In one of its more recent decisions, the Supreme Court in Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), provided significant clarification as to what will qualify as a "case or controversy" in terms of standing.  In doing so, the Supreme Court held that to have qualified standing, there must be a concrete injury that actually exists, rather than an abstract one. In Spokeo, the plaintiff brought suit under the Fair Credit Reporting Act ("FCRA") for the defendant's failure to "follow reasonable procedures to ensure maximum accuracy of [consumer reports]" as required by that statute.  Spokeo, 136 S.Ct. at 1545.  In remanding to the Ninth Circuit to determine whether the injury plaintiff alleged was concrete, the Supreme Court observed that Article III's standing requirement cannot be satisfied by "a bare procedural violation" because, for example, "[a] violation of the FCRA's procedural requirements may result in no harm."  Id. at 1550.  Although the FCRA required the defendant to follow reasonable procedures, the harm Congress identified was not the failure to follow procedures, but instead was "the dissemination of false information." Id.

As held in Spokeo, an alleged injury-in-fact cannot be merely conjectural or hypothetical. Id. at 1548.  "A "concrete" injury must be "de facto", that is, it must actually exist." Id.  The

2

ramifications of Spokeo are quite significant therefore when applied within the context of an ADA complaint. In order to satisfy standing under Spokeo, an ADA plaintiff must establish significantly more than alleged noncompliance on the part of a defendant under the ADA, such as was alleged in conclusory fashion by Plaintiff in her Complaint, and rather must show that the alleged ADA violations led to an actual injury against the grieving party. Such as in this action, where a plaintiff appears to be nothing more than a "tester" of ADA compliance, it is incumbent on the Court to query whether an actual injury occurred or shall occur in the future, regardless of allegations that a property in question is not ADA compliant.

    As the record shows, at no point in time has the Plaintiff ever actually sought an appointment for a hair service or even a consultation. See Biton Aff., Para. 12, 14-17, 19-20. The Complaint merely alleges that at some point in July of 2017 Plaintiff attempted to enter the Premises but was allegedly unable to because of the existence of an unlawful barrier. See Exhibit A to the Affirmation of Gregory A. Tsonis, Esq. ("Tsonis Aff."), Para. 25. Nowhere in the Complaint did Plaintiff claim that she sought and/or scheduled an appointment, which is pertinent as the Defendant's business is appointment only. See Biton Aff., Para. 12.

    Furthermore, Plaintiff does not specify when in the month of July of 2017 she "attempted" to enter the Premises. More fatally, Plaintiff does not state which, if any, architectural barrier precluded her from entering the Premises. Tsonis Aff., Ex. A, Para. 25. Notably, the Supreme Court's direction in Spokeo raises the question as to whether the Plaintiff would have standing to challenge all alleged barriers at the Premises, or just barriers actually encountered. Additionally, Plaintiff buttresses her complaint with a one line perfunctory statement that she has intention to return (Tsonis Aff., Ex. A, Para. 31), yet at no point in time since July of 2017 (or prior for that matter) has she ever contacted Defendant to schedule an appointment or visit. See Biton Aff.,

3

Para. 14-16, 17, 18-19. Plaintiff's actions, or in this case inactions, convey a clear lack of true interest in actually seeking Defendant's services. For all intents and purposes, the Complaint as written gives no indication of whether Plaintiff did anything more than drive to the Premises and observe, or if her allegations were informed through other means without ever physically appearing at the Premises.

A similar pleading was addressed by the Eastern District Court in Feltzin v. Stone Equities, LLC, 2018 WL 115135 (E.D.N.Y. February 8, 2018), wherein the Honorable Kathleen Tomlinson held that a plaintiff who proffered similar, if not identical, allegations, failed to allege a concrete and particularized injury in fact under the ADA. In Feltzin, the wheelchair-bound plaintiff alleged a list of perceived ADA violations in connection with the germane property; that he encountered architectural barriers thereat; and that he "plan[ned] to return to the [P]roperty once the barriers are [removed]". Feltzin, 2018 WL 1115 135 * 1. As with Plaintiff's Complaint, the pleading in Feltzin was no more sufficient in terms of detail and facts related to these conclusory allegations. The Eastern District held that

> "a plaintiff's complaining of injuries caused by the alleged violations of the ADA – a prerequisite necessary to satisfy the "injury in fact" component of Article III standing in the ADA context – must still establish that such injuries were both concrete and particular to the plaintiff, and must do so with specificity."
>
> * * *
>
> "A plaintiff must always have suffered a 'distinct and palpable injury to himself,' that is likely to be redressed if the requested relief is granted."

Feltzin, 2018 WL 1115 135 * 8 (internal citations omitted.) After applying these holdings to the pleading, the Eastern District held that the plaintiff failed to identify with specificity when he visited the premises; what specific architectural barriers precluded him access; and how, if at all, the plaintiff interacted with or experienced any of the ADA violations listed in the complaint. Id.

\* 9.  "It is well established that [the Court] need not credit a complaint's conclusory statements without reference to its factual context." Id. (internal citations omitted.)

The Eastern District further held that conclusory allegations such as "[plaintiff] personally observed or encountered these violations" was insufficient to connect the violations to the plaintiff's experience for purposes of establishing a concrete and particularized injury in fact. Id. \* 10.  "Without any supporting factual allegations, plaintiff's claim that he "personally encountered" each of a long list of violations amounts to no more than a conclusory recitation of the legal elements of a direct injury under the ADA." Id. (internal citations omitted.)  The Court went on to address further deficiencies in the pleading such as the use of ambiguous, indirect and passive phrasing, and went on to hold that the purposeful attempt to circumvent any depiction of direct interaction by the plaintiff with the property in question prevented plaintiff from adequately alleging a concrete and particularized injury. Id.

Moreover, the Eastern District Court held that the plaintiff's statement that he "intended to return to the place of injury someday" was insufficient in establishing a concrete injury, and did not rise to the level necessary so that injunctive relief could be afforded. Id.  Aside from the Feltzin plaintiff's lack of proximity to the relevant property, which is admittedly distinguishable to the instant matter, the pleading analyzed in Feltzin appears to be a carbon copy of the Complaint at issue here.  Plaintiff did not elaborate on her interaction with any ADA violations, nor did she specify with any detail when she allegedly appear at the Premises.  Plaintiff also did not identify which architectural barrier prevented access, or how she encountered or interacted with the same.  Furthermore, as evidenced by her lack of effort to ever schedule an appointment or contact Defendant, she failed to establish that she was intent on patronizing the business or intent on

5

becoming a patron in the future. The lack of definitiveness in the Complaint precludes Plaintiff from achieving standing in this matter.

As will be discussed more fully in Point II herein below, the conclusory statements littering the Complaint do not give rise to a plausible cause of action necessary to sustain a complaint and avoid dismissal pursuant to F.R.C.P. Rules 12(b)(1) or (6). Specifically, as to standing, however, the pleading remains insufficient and devoid of factual allegations to even remotely suggest that a concrete injury-in-fact occurred or shall occur. Even assuming, *arguendo*, that Plaintiff did appear at the Premises as alleged, and even ultimately accessed the Premises, she would have still been denied any services as no appointment was made, and hence no injury could have occurred. See Biton Aff., Para. 12. Plaintiff does not even allege what services she intended to receive at the time she allegedly appeared. Given the fact that the allegations in the Complaint are thread-bare, and conclusory in nature, there is no evidence that a concrete or actual injury occurred or shall occur in the future.

Spokeo raises the bar in terms of determining an injury-in-fact which is particularly detrimental to disabled individuals who sue under the evident category of a "tester" of ADA compliance such as the Plaintiff. In doing so, the Supreme Court placed lower Courts in the position to reign in the growth of Title III litigation brought on by frivolous suits by disabled individuals against local businesses which were never patronized by such "testers". Under the precedence set forth in Spokeo, Plaintiff has failed to establish standing as the "bare procedural violations" alleged in the Complaint are insufficient.

As to the validity of the alleged presumptive protected class introduced into the Complaint, Spokeo again lends authority. Spokeo requires that the injury be not only "concrete" but also "particularized". Spokeo, supra. Plaintiff has not alleged how any other member of the

6

presumptive class was injured, or if any injury-in-fact occurred. Moreover, the Complaint does not indicate what, if any, architectural barriers may have allegedly prevented others from entering the Premises, or if the same architectural barriers allegedly precluded access. To put it succinctly, there is no record suggesting that any other individual suffered a concrete or particularized injury. Assuming, *arguendo*, that another did suffer an alleged injury, the Complaint fails to establish that it was the same injury against the same barriers alleged by Plaintiff. As such, Plaintiff has no standing on behalf of a presumptive class.

Furthermore, as held in Shain, supra, a past injury is insufficient in establishing a claim for injunctive relief as there must be a likelihood of future injury. Shain, 356 F.3d at 215. Plaintiff, however, has made no attempts to seek services from Defendant since allegedly appearing at the Premises in July of 2017. Plaintiff has offered nothing more than a list of conclusions that certain aspects of the property do not meet ADA guidelines. Tsonis Aff., Ex. A, Para 27. Pertinently, Plaintiff failed to state specific facts to support these conclusions, leaving the Court no grounds upon which to infer that any alleged deficiencies in the Premises resulted in discrimination against Plaintiff, or that they will do so in the future. As such, any claims for injunctive relief should be dismissed as Plaintiff failed to establish any causation.

There is little dispute that Plaintiff is disabled under the ADA. This disability, however, does not grant unfettered standing to sue businesses throughout the locality where it is evident that Plaintiff never did, or intended to, seek services or goods therefrom. Under the illumination provided by Spokeo, Plaintiff's Complaint should be dismissed for lack of standing.

7

## **POINT II**

## **PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE HER CLAIMS**

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all facts as alleged in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. See e.g. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). However, a complaint can survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not make "detailed factual allegations," it must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action. Id. at 677-687 (quoting Twombly, 550 U.S. at 555). A court should grant a motion to dismiss if the complaint provides factual allegations that lead to a "possible" but not "plausible" claim for relief. Id. at 678-79. A court, though, is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting Twombly, 550 U.S. at 556).

In recent years Courts have shown a greater propensity to challenge the validity of complaints that are clearly perfunctory in nature and which state nothing more than conclusory allegations in an attempt to satisfy a bare minimum notice requirement. Specifically, following the holdings in Iqbal and Twombly, supra, the pleading standard has indeed been heightened.

Under the *Iqbal-Twombly* pleading standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Twombly, 550 U.S. at 570. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. An inference of a mere possibility of misconduct is therefore not sufficient

to support a plausible claim. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle simply does not apply to legal conclusions couched as factual allegations.

The *Iqbal-Twombly* pleading standard was in fact analyzed by the Eastern District Court in Feltzin, supra. In Feltzin, the Court held that "a plaintiff asserting claims under Title III of the ADA, like any plaintiff, must satisfy 'a flexible plausibility standard.'" Feltzin, 2018 WL 11115135 * 6 (internal citations omitted.) The Court went on to say that "although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. (internal citations omitted.) It is evident that this pleading standard informed the Court's decision to grant the defendant's motion to dismiss the pleading in Feltzin.

Here the Plaintiff has merely claimed that she encountered "architectural barriers". This allegation, however, is nothing more than a conclusion couched as a factual allegation, akin to the conclusory and unsupported allegations in the Complaint of certain other aspects of the Premises not meeting ADA guidelines, to say nothing of the addition to the "boilerplate" language contained throughout the remainder of the pleading. This leaves the Court in the unenviable position to try and discern what, if any, injuries Plaintiff actually suffered without supporting facts.

Moreover, despite listing what Plaintiff believes to be existing ADA violations, she has failed to adequately allege that removal of any such barriers are readily achievable. At a minimum, there must be some allegations of facts regarding statutory considerations for what constitutes readily achievable in order to sustain a pleading under Iqbal and Twombly. Rather, Defendant

states nothing more than a conclusion that alleged barriers are readily achievable. Tsonis Aff., Ex. A, Para. 28.

It is axiomatic that in an ADA case the plaintiff has necessarily encountered the barrier to access about which she complains. A plaintiff must therefore know exactly where the barrier is, exactly what is wrong, and exactly why that particular barrier deprived the plaintiff of the ability to take advantage of the goods and services offered. Plaintiff, however, has not alleged any such facts, relying merely on the statement that at one point during July of 2017 she was allegedly confronted by an "architectural barrier". It is patently inexcusable to allow Plaintiff to plead with such general allegations, and include a generic list of barriers to access, without more specificity, particularly in light of the Iqbal and Twombly holdings.

Putting aside the fact that had Plaintiff actually sought Defendant's services she would have been given full access to the Premises (See Biton Aff. Para. 10-11), her Complaint is devoid of any plausible facts that any such services or attempts to receive such services where ever sought.

As such, under the plausibility standard enforced by the Courts, Plaintiff's Complaint should be dismissed in its entirety. From the allegations contained in the Complaint, there is no plausible facts suggesting that Plaintiff ever sought actual entry to the Premises or that a specific architectural barrier precluded here from doing so.

The salient question posed as to the sufficiency of the pleading, as well as to standing as addressed in Point I above, is whether Plaintiff's conclusory and vague allegations suffice in order to maintain this action. The Court must query whether in fact that Plaintiff is nothing more than a "tester" of ADA compliance, visiting businesses not with the intent to purchase goods and/or services, but rather to solely evaluate compliance. If so, then the question arises whether such

actions can ever give rise to a "concrete" injury as set forth in Spokeo, and if so, whether the conclusory allegations of the complaint reach the *Twombly-Iqbal* standard now in place.

## POINT III

### DEFENDANT IS ENTITLED TO COSTS

Pursuant to 42. U.S.C. Sec. 12205, a prevailing party may be entitled to reasonable attorney's fees, including litigation expenses and costs in connection with defending against a claim that is frivolous, unreasonable or groundless. See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Based on the above, it is evident that Plaintiff did not suffer an actual injury and is, rather, engaged in this litigation as a means of extorting yet another local business. For this reason, Defendant should be entitled to costs.

### CONCLUSION

For the reasons set forth herein, Defendant's motion Pursuant to F.R.C.P. Rule 12(b)(6) should be granted in its entirety.

Dated: Syosset, New York
       August 30, 2018

                                      GREGORY A. TSONIS, PLLC

                            By: _____/S/_____
                                Gregory A. Tsonis (GT-5737)
                                *Attorneys for Defendant*
                                6800 Jericho Turnpike, Suite 120W
                                Syosset, NY 11797