UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
------------------------------------------------------------------X
LAURA CHAMAIDAN, *individually and on behalf*
*of all others similarly situated*,

                              Plaintiff,

    v.-

                                              **MEMORANDUM & ORDER**
                                              17-CV-06948 (JMA) (ARL)

TOMY B. HAIRCARE INC.,

                              Defendant.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Plaintiff Laura Chamaidan filed this action against Defendant Tomy B. Haircare, Inc., alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"), the New York State Human Rights Law § 296, New York State Civil Rights Law, and the Nassau County Administrative Code § 21-9.8, et seq.

    Defendant has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting that Plaintiff has failed to establish standing and has also failed to state a plausible claim. (ECF No. 20.) For the reasons stated below, the Court grants Defendants' motion under Rule 12(b)(1) and dismisses this action for lack of standing.

## I.    BACKGROUND

    Plaintiff, a resident of New Hyde Park, New York, is substantially limited in walking and uses a scooter for mobility. (Compl., ECF No. 1, ¶¶ 7, 21.)

    Defendant operates Tomy B. Haircut, a hair salon in Williston Park, New York. Plaintiff, who resides approximately three miles from Tomy B. Haircut, "is frequently near Defendant's public accommodation." (Id. ¶ 24.) The complaint alleges that "[i]n or about July 2017, Plaintiff wanted to enter Defendant's public accommodation, however, was unable to because of the

1

existence of an unlawful architectural barrier." (Id. ¶ 25.) The complaint lists ten aspects of Defendant's business that allegedly violate the ADA, including:

> a. Defendant does not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; An accessible entrance is not provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2.1.
>
> b. There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e) and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 402.
>
> c. An accessible means of egress is not provided in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 207.1.
>
> d. The walkway to enter defendant's public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303.2.
>
> e. The entrance door lacks proper maneuvering clearance to enter the public accommodation in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 404. 6
>
> f. The walkway to enter Defendants' public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303, 403.

(Compl. ¶ 27.)

Plaintiff alleges that Defendant has failed to remove these architectural barriers and that, as such, "Plaintiff is deterred from visiting Defendant's noncompliant accommodation because of the existing accessibility barriers." (Compl. ¶ 30.) Plaintiff alleges that she "has the intention to return to Defendant's public accommodation once it becomes readily accessible to and usable." (Compl. ¶ 31.)

Attached to Defendant's motion to dismiss is an affidavit from Tomy Biton, the owner of Defendant. According to Biton, "Tomy B. Haircut is an appointment only boutique hair salon"

2

and no walk-in services are provided. (Biton Aff. ¶ 12.) As such, Tomy B. Haircut is only open for specific and limited days during any given week.[1] (Id.)

According to Biton, Plaintiff has never called for an appointment or scheduled a consultation or hair service with Defendant. (Id. ¶ 19.) Defendant has a complete list of all clients who have made appointments since the salon opened in 2016, including individuals who cancelled appointments and individuals who called for appointments but did not show up for the appointment. (Id. ¶ 15.) Plaintiff is not listed in any of these records. (Id. ¶ 17.) According to Biton, Plaintiff never contacted Defendant to schedule an appointment, appeared at the property, or attempted entry to the premises on a day that the business was open. (Id. ¶ 17.) Biton maintains that if Plaintiff had, Biton would have made available to Plaintiff a stainless steel ramp that Biton has maintained on the premises since 2016. (Id. ¶¶ 11, 17.)

Plaintiff has not submitted an affidavit and has instead elected to rely on the allegations in her complaint.

## II. DISCUSSION

Defendant has moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing and that she has failed to state a plausible claim. Because the Court finds that Plaintiff lacks standing to sue and grants Defendant's motion under Rule 12(b)(1), it does not reach Defendant's arguments that Plaintiff has failed to state a claim.

### A. **General Standards for Assessing Standing**

Article III of the United States Constitution limits federal jurisdiction to actual cases and controversies. As a result, the question whether a plaintiff has standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v.

---

[1] The complaint does not identify the specific date on which Plaintiff visited Defendant's store and does not state whether the store was open when she visited.

Seldin, 422 U.S. 490, 498 (1975). A plaintiff bears the burden of demonstrating standing by proving (1) that she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury is likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); see also Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Plaintiffs seeking injunctive relief must also demonstrate a "real and immediate threat of future injury." Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting Shain v. Ellison, 356 F.3d 211, 215–16 (2d Cir. 2004)).

Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. As the Second Circuit has explained:

> When confronted with a defendant's facial challenge to standing, i.e., one based solely on the allegations of the complaint or the complaint and exhibits attached to it, plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading. However, a defendant may also make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [plaintiffs'] [p]leading. In opposition to such a motion, plaintiffs must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing.

Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 119 (2d Cir. 2017) (citations and internal marks omitted).

When a defendant makes a fact-based Rule 12(b)(1) challenge to jurisdiction, the parties are on notice of "both the right to introduce such evidence and the plaintiff's burden of proof to do so even at the motion-to-dismiss stage." Id. at 121; cf. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 149 (2d Cir. 2011) (affirming dismissal for lack of standing and stressing that the relevant jurisdictional evidence was in the control of the plaintiff).

## B. Standing in the ADA Context

Claims for injunctive relief under Title III of the ADA are subject to Article III standing requirements and must be dismissed where standing does not exist. See, e.g., Harty v. Greenwich Hosp. Grp., LLC, 536 F. App'x 154 (2d Cir. 2013). A plaintiff seeking injunctive relief for violations of Title III of the ADA has standing only where the "plaintiff (1) alleges past injury under the federal statute, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she 'intend[s] to return to [the public accommodation].'" Pincus v. National R.R. Passenger Corp., 581 Fed. App'x 88, 89 (2d Cir. 2014) (alteration in original) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)); see also Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008).

A plaintiff can establish an injury by showing either: (1) that she suffered a direct injury by personally encountering unlawful barriers at the defendant's property; or (2) by showing that she was deterred from using the property because it does not comply with the ADA. See Kreisler, 731 F.3d at 188; Feltzin v. Triangle Properties #1, LLC, No. 14-CV-5131, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016).

## C. Analysis of Standing

Plaintiff argues that she has sufficiently alleged a direct injury as well as a deterrence-based injury. As explained below, Plaintiff has failed to sufficiently allege standing under either theory.

The Court has analyzed Defendants' motion as both a facial and a fact-based challenge under Rule 12(b)(1). When construed as a facial challenge, Defendant's motion must be granted

5

because Plaintiff's complaint does not plausibly allege standing.[2] Additionally, because Defendant submitted a material affidavit, the Court has also construed Defendants' motion as a fact-based challenge to standing, which allows the Court to consider that affidavit. Under the standard applicable to fact-based challenges, Plaintiff has failed to establish standing.

**1. Prior Direct Injury**

Plaintiff's direct injury theory fails because Plaintiff has not plausibly alleged a prior direct injury.

"Courts both in this Circuit and elsewhere have held that, as a bare minimum, a plaintiff can establish a direct injury sufficient to support standing only if she 'personally encounters the barrier to access' that caused her injury." Feltzin, 2016 WL 11599264, at *4 (collecting cases and quoting Panzica v. Mas-Maz, Inc., No. 05-CV-2595, 2007 WL 1732123, at *3 (E.D.N.Y. June 11, 2007)). And, "even where a plaintiff personally encounters conditions that allegedly violate the ADA, such an encounter must cause an injury that is both concrete and particular to the plaintiff in order to establish standing." (Id. citing Spokeo, 136 S. Ct. at 1548).

Plaintiff has failed to allege a prior direct injury from personally encountering an unlawful barrier on Defendant's property. Plaintiff alleges that "[i]n or about July 2017, Plaintiff wanted to enter Defendant's public accommodation, however, was unable to because of the existence of an unlawful architectural barrier." (Compl. ¶ 25.) This allegation is insufficient to plausibly allege a direct injury. Plaintiff does not squarely allege that she personally visited the property. Nor does she allege that she personally encountered any of the alleged barriers. Even more importantly, Plaintiff's complaint fails to identify what "unlawful architectural barrier" allegedly rendered her

---

[2] When analyzing Defendants' motion as a facial challenge, the Court has considered only Plaintiff's complaint and has not taken in account Biton's affidavit. Under such a facial challenge, the Court must, after construing "all reasonable inferences to be drawn from those factual allegations in [Plaintiff's] favor," determine whether Plaintiff has "allege[d] facts that affirmatively and plausibly suggest that it has standing to sue." Amidax, 671 F.3d at 145.

6

unable to enter Defendant's business. Thus, Plaintiff has failed to plausibly allege a prior direct injury.³ See Feltzin v. Triangle Properties #1, LLC, 2016 WL 11599264, at *5 (dismissing suit for lack of standing where complaint failed to provide any factual allegations to support the plaintiff's conclusory allegations that he "encountered architectural barriers at the subject property" and that such barriers "have impaired [his] ability to park safely at the premises, to use restrooms safely and to access goods and services at the premises"). Moreover, as explained below, even assuming arguendo that Plaintiff has established a prior direct injury, Plaintiff has not established that she intends to return to Defendant's business.

**2. Plaintiff Fails to Establish that She Intends to Return to Defendant's Salon**

As Plaintiff points out, in addition to claiming that she suffered a prior direct injury, she is also alleging a deterrence-based injury. Specifically, Plaintiff alleges that she is deterred from visiting Defendant's business because of the existing accessibility barriers. However, whether Plaintiff is proceeding under a direct injury theory or a deterrence theory, Plaintiff must still plausibly allege that that she intends to return to the salon or that "'that [s]he would frequent [the salon] were the violation remedied.'" Harty, 536 F. App'x at 155 & 155 n.1 (quoting Kreisler, 731 F.3d at 188).

---

³ Plaintiff has also failed to establish standing under the standard applicable to Rule 12(b)(1) fact-based challenges. Biton's affidavit indicates that Plaintiff never appeared at the property or attempted entry to the property on a day when the business—which has limited hours—was open. Plaintiff has not submitted a contrary affidavit and instead is left to rely on nothing more than the vague allegations in her complaint, which asserts that on some unspecified date and time in July 2017, she "wanted to enter" Defendant's business, but "was unable to do so" because of an unspecified architectural barrier. (The complaint says nothing about whether the salon was open when she visited.) Such vague allegations are insufficient to contradict Biton's affidavit indicating that Plaintiff never appeared on the property or attempted entry. Moreover, even assuming arguendo, that Plaintiff did visit the Premises when the salon was closed and Biton was not present, it is not clear that, under such circumstances, Plaintiff suffered a direct injury from encountering an unlawful barrier. Finally, even assuming that Plaintiff visited the premises and that it is irrelevant, for standing purposes, whether the salon was open when she did, Plaintiff has still failed to identify what "unlawful architectural barrier" prevented from her from entering the premises.

Other than Plaintiff's conclusory allegation that she "has the intention to return to Defendant's public accommodation once it becomes readily accessible to and usable," (Compl. ¶ 31), the only other relevant allegations in the complaint are that she lives three miles from Defendants' salon and is "frequently near" the salon. (Compl. ¶ 24.) Plaintiff, however, has not plausibly alleged that she has any interest in obtaining the services that Defendant offers. Relatedly, Plaintiff does not state why she intends to return to Defendant's salon or why she visited salon in July 2017.[4] "In the case of a public accommodation for which other reasonable substitutes may exist, like restaurants and malls, the plaintiff must plead facts that tend to show that the plaintiff will likely frequent the area where the public accommodation is located and is interested in what it has to offer." Feltzin v. Stone Equities, LLC, No. 16-CV-6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) report and recommendation adopted, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) (quoting Hirsch v. Campaniello Soho, Inc., No. 140CV-5097, 2015 WL 678662, at *3 (S.D.N.Y. Feb. 17, 2015)). Given the complete absence of any allegations that Plaintiff is interested in obtaining the services that Defendant provides, she has not plausibly alleged that she intends to return to Defendant's store or that she would frequent the store if the alleged violations were remedied.[5] See Feltzin v. Stone Equities, LLC, 2018 WL 1115135, at *11 (finding that

---

[4] As noted earlier, it is not even clear from the complaint that Plaintiff personally visited Defendant's business in July 2017.

[5] Plaintiff also cannot establish standing under the standard applicable to fact-based Rule 12(b)(1) standing challenges. Biton's affidavit—which establishes that Plaintiff never contacted the salon or appeared at the salon when it was open—is affirmative evidence indicating that Plaintiff is not, in fact, interested in obtaining Defendants' services. Given this evidence and Plaintiff's failure to submit a contrary affidavit explaining why she visited the salon in the first place or why she intends to return, the Court finds no basis to credit the conclusory allegation in Plaintiff's complaint that she intends to return to the premises. The Court recognizes that, under the ADA, an individual with a disability does not have to "engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1). However, that doctrine does not render Biton's affidavit irrelevant, nor does it excuse, in the circumstances here, Plaintiff's failure to offer some evidence that she, in fact, intends to return to the salon or would frequent the salon were the violations remedied.

plaintiff failed to allege standing because, inter alia, the complaint's "lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations"); cf. Kreisler, 731 F.3d at 188 (finding that plaintiff showed an intent to return to the defendant diner by establishing, inter alia, that "he frequents diners in his neighborhood often" and "he would like to frequent the Diner if he were able to access it").

Finally, the Court notes that Plaintiff has never asserted that she is a "tester" and has standing on that basis. Cf. Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71–72 (2d Cir. 2011) (finding that plaintiff established standing where he alleged that he had "plans to return both as a patron 'to avail himself of the goods and services offered to the public at the property' and as a tester 'to determine whether the property has been made ADA compliant'").[6] Plaintiff's complaint is devoid of any allegations that she is a tester, a point stressed in plaintiff's own brief. (Pl.'s Br. at 9.)

Thus, for all of the reasons stated above, Plaintiff lacks standing. Accordingly, Defendants' motion to dismiss under Rule 12(b)(1) is granted.

### D. **Leave to Amend**

Plaintiff's opposition brief also requests leave to amend her complaint. This request is denied.

First, the Court has found that, under the standard applicable to fact-based Rule 12(b)(1) challenges, Plaintiff lacks standing. As explained earlier, when adjudicating a fact-based Rule 12(b)(1) challenge, the Court can consider affidavits from the parties and is not restricted to

---

[6] "[I]t is unclear whether the Second Circuit has fully embraced "tester" status (i.e., an individual who seeks out and sues businesses for alleged violations of the ADA) as a basis for Article III standing." Feltzin v. Stone Equities, LLC, 2018 WL 1115135, at *9.

9

considering the factual allegations in the complaint. In the context of a fact-based Rule 12(b)(1) challenge, if Plaintiff wished to provide additional relevant facts to the Court concerning standing—all of which would be within her personal knowledge—she was required to submit an affidavit along with her opposition to Defendants' motion to dismiss. Plaintiff, however, elected not to do so. As such, for purposes of the fact-based Rule 12(b)(1) challenge, the Court denies Plaintiffs' request for leave to amend.

Second, for purposes of the facial Rule 12(b)(1) challenge, Plaintiff has failed to identify new allegations that, if added to an amended complaint, would cure all the deficiencies in her original complaint. As an initial matter, Plaintiff does not squarely identify what new factual allegations would be added to an amended complaint. Moreover, even assuming that an amended complaint would include all of the factual allegations in Plaintiff's brief that were not included in the original complaint, (see Pls.' Br. at 2, 4, 8), such allegations would still fail to cure the deficiencies identified herein. Specifically, Plaintiff's brief does not offer any additional factual allegations to show that she intends to return to Defendant's store or that she would frequent the store if the alleged violations were remedied. Because Plaintiff has failed to identify new factual allegations that would plausibly establish standing under a facial Rule 12(b)(1) challenge, Plaintiff's request for leave to amend is denied.

E. **State Law Claims**

Plaintiff has also raised state law claims. Plaintiff does not assert that a different standing analysis applies to these state law claims. Accordingly, Plaintiffs' state law claims are hereby dismissed for lack of standing.[7] See Mendez v. Apple Inc., No. 18-CV-7550, 2019 WL 2611168,

---

[7] Even if Plaintiff did have standing to pursue these state law claims, those claims still be dismissed because, after the dismissal of Plaintiffs' ADA claim, the Court would decline to exercise supplemental jurisdiction over any state law claims.

10

at *4 (S.D.N.Y. Mar. 28, 2019) (finding that the plaintiff's claims under New York State and New York City law were governed by the same standing requirements as the ADA).

## F. **Attorney's Fees**

Defendant has requested attorney fees and costs pursuant to 42 U.S.C. § 12205, arguing that Plaintiff's claim was frivolous, unreasonable, or groundless. The Court denies this request.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss under Rule 12(b)(1) is granted and Plaintiff's claims are dismissed, without prejudice, for lack of standing. The Clerk of Court is directed to enter judgment accordingly and close the case.

**SO ORDERED.**

Date: September 30, 2019
Central Islip, New York

                    _____/s/ (JMA)_____
                    Joan M. Azrack
                    United States District Judge